People v Hill (2023 NY Slip Op 02767)

People v Hill

2023 NY Slip Op 02767

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Ind. No. 4424/17 Appeal No. 47 Case No. 2020-00818 

[*1]The People of the State of New York, Respondent,
v
Curtis Hill, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lawrence T. Hausman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered January 21, 2020, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed. The matter is remitted to Supreme Court for surrender proceedings pursuant to CPL 460.50(5).
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The court acknowledged several minor discrepancies in the officer's testimony and reasonably concluded that these were not significant under the circumstances. The court properly declined to reject it as incredible as it did not appear to be "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Moore, 93 AD3d 519, 522 [1st Dept 2012], lv denied 19 NY3d 865 [2012] [internal quotation marks omitted]).
An anonymous tip reported a generically described suspect with a firearm inside a car that was specifically described by its make, model, color, and partial plate number. When the officers arrived at the specified location minutes later, they saw defendant, who met the generic description in the radio run and was the only person standing near a car that met the specific description. This justified a common-law inquiry, and when the officers approached defendant and identified themselves, defendant spontaneously asked whether somebody had called the police and reported that he had a gun. While not a direct confession of guilt, this question was highly suspicious and tended to corroborate the information from the radio run. This provided the officers with a sufficient basis to ensure their safety by asking defendant to remove his hands from his pockets, and then extracting his hands and patting the pockets when he refused to do so (see People v Benjamin, 51 NY2d 267, 270-271 [1980]; People v Hunter, 178 AD3d 459, 460 [1st Dept 2019], lv denied 34 NY3d 1159 [2020]; People v Perez, 142 AD3d 410, 415-416 [1st Dept 2016], affd 31 NY3d 964 [2018]). This revealed the presence of a knife, and when the officers determined that the knife was illegal, they had probable cause to arrest defendant and search him incident to that lawful arrest.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023